UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SALINAS MARBLE                                                                                               PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 2:23-CV-74-TBM-RPM

FORREST GENERAL HOSPITAL, et al                                                                 DEFENDANTS

### REPORT AND RECOMMENDATION

Plaintiff Salinas Marble ("Plaintiff"), proceeding *pro se*, filed a Complaint against various Defendants on May 17, 2023.[1]  Doc. [1].  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.  Doc. [2].  The Court entered an order denying the motion without prejudice because the application was not signed, but the Court permitted Plaintiff the opportunity to re-urge the application with a proper signature or pay the relevant filing fee by June 13, 2023.  Doc. [3]. The order was mailed to Plaintiff at the last known address on record but was returned as undeliverable marked as "Return to Sender."  Doc. [4].

The Court then held a screening hearing on August 7, 2023.[2]  At the appointed time and place, the Court called Plaintiff's case; however, Plaintiff was not present in the courtroom.  The courtroom deputy called Plaintiff's name three times inside the courtroom and three times outside

---

[1] It appears the Complaint was filed by Joel B. Attia of "Attia's Civil Rights & More," which Attia indicates is the name of his law firm; however, Attia is not a licensed attorney and is acting *pro se* on behalf of Plaintiff. Doc. [1] at 13. The Complaint provides that Attia "started this [lawsuit] and plans to sell it to other lawyers." Doc. [1] at 10. The Court has noted Attia has a "history of litigation indicat[ing] that he is a vexatious litigant who files lawsuits without a good faith basis." *Attia v. Martin*, No. 1:21-cv-00090-LG-JCG, 2021 WL 3046890, at *5 (S.D. Miss. June 9, 2021). In two other cases, the Court has noted Attia's history of bringing "strange and outrageous lawsuits in this Court" has led to him being "banned from filing any future lawsuits without prior approval of the Court." *Attia v. Wray*, No. 1:21-cv-178-HSO-RHWR, 2022 WL 2257049, at *1 (S.D. Miss. June 23, 2022); *Attia v. Isle of Capri Casino and Resort*, No. 1:21-cv-177-HSO-RPM, 2022 WL 1004639, at *1 (S.D. Miss. April 4, 2022).

[2] The screening hearing was originally set for August 11, 2023, and an attempt was made to mail the Notice of Hearing to Plaintiff at the address listed on the docket and the address found in the complaint. Doc. [6]. After the hearing was reset to August 7, 2023, two attempts were made to mail the Reset Hearing Notice to Plaintiff at the address listed on the docket, the address found in the complaint, and the address listed on the envelope that contained the complaint. Doc. [7]; Doc. [9].

the courtroom, but there was no response. Court security also advised the Court that Plaintiff had not entered the courthouse that morning. As such, the Court entered a show cause order on August 8, 2023, directing Plaintiff to show cause in writing why the lawsuit should not be dismissed for failure to prosecute. Doc. [8]. Again, the show cause order was mailed to Plaintiff at the last known address on record but was returned as undeliverable marked as "Return to Sender." Doc. [10]. Plaintiff's response to the show cause order was due by August 22, 2023, but no response has been filed.

Plaintiff has not complied with the Court's show cause order. A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding that district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). Plaintiff was warned, or at least an attempt was made to warn Plaintiff through the last known address on record, about the potential for dismissal in the show cause order. However, Plaintiff has failed to submit the requested information. Therefore, the undersigned believes dismissal is warranted under these circumstances.

## RECOMMENDATION

The undersigned recommends that Plaintiff Salinas Marble's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court

need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 26th day of September 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE